UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK ERIC NEWMAN,

    Plaintiff,

v.                                            Case No.: 8:24-cv-723-TPB-LSG

WAL-MART STORES EAST, LP.,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT"**

This matter is before the Court on "Defendant's Motion for Final Summary Judgment," filed on October 4, 2024.[1] (Doc. 20). Plaintiff Patrick Eric Newman filed a response in opposition on April 28, 2025. (Doc. 44). On May 12, 2025, Defendant Walmart Stores East, LP filed a reply. (Doc. 45). Upon review of the motion, response, reply, record, and court file, the Court finds as follows:

**Background**

This case arises from a routine "slip-and-fall" incident at a Walmart in Bradenton, Florida. Plaintiff Patrick Eric Newman alleges that on December 15, 2022, he slipped and fell in a restroom at a Walmart store, resulting in personal

---

[1] On October 31, 2024, while the summary judgment motion was pending and before mediation, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Based on Plaintiff's notice of voluntary dismissal and Defendant's notice cancelling mediation, the Court dismissed the action without prejudice. On January 2, 2025, Defendant filed a motion to strike the notice of voluntary dismissal and sought to reopen the case. The Court held an in-person status conference on January 23, 2024, after which the Court granted the motion, reopened the case, and reinstated Defendant's motion for summary judgment.

injuries. On March 23, 2023, Plaintiff filed his initial complaint against Defendant Wal-Mart Stores East, LP in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. On March 22, 2024, Defendant removed this case based on diversity jurisdiction.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Defendant argues that the undisputed evidence shows that Defendant did not breach any duty to Plaintiff. Defendant first challenges Plaintiff's status on the premises, which would determine the duty owed to Plaintiff. Defendant argues that

because Plaintiff was a trespasser, Defendant's only duty was to refrain from wanton and willful injury.[2] Defendant believes that "there is not a scintilla of evidence that [Defendant] engaged in any actions which could rise to the level of willfully or wantonly causing injury to Plaintiff" where, moments before Plaintiff rushed into the restroom and slipped, Defendant had discovered a broken pipe that caused liquid to be on the ground, and Defendant was in the process of closing the restroom and remedying the condition. Defendant further argues, in the alternative, that even if Plaintiff's status rose to that of an invitee, summary judgment would still be appropriate because there is no evidence of negligence on these facts.

Defendant does not provide sufficient record evidence to allow the Court to determine Plaintiff's status on the premises at the time of the incident. Although Plaintiff briefly acknowledged during his deposition that he had been trespassed by a Walmart location in the past following a shoplifting conviction, it is not clear whether the trespass order applies only to that specific New Jersey store or to all Walmart stores, and whether there is any durational limitation to the trespass order. Defendant did not provide a copy of any written trespass order or even an affidavit from a knowledgeable employee to establish the existence of a trespass order. Without this additional information, Defendant fails to conclusively show that Plaintiff was a trespasser at the time of his fall. While this argument is insufficient to carry the day

---

[2] Based on Plaintiff's deposition, it appears that he was trespassed from a Walmart in New Jersey in 2013 or 2014 after he was convicted of shoplifting, and he was aware of the trespass order, but he testified that he has been to numerous Walmart stores since then. (Ex. 20-1 at 63 ll. 4-9).

for purposes of summary judgment, Defendant may, of course, provide additional information on this trespass warning at any trial.[3]

Next, the Court considers whether Defendant has demonstrated it is entitled to judgment as a matter of law if Plaintiff was simply an invitee. Viewing the undisputed facts in the light most favorable to Plaintiff as the nonmoving party, the evidence demonstrates that before Plaintiff rushed into the restroom and slipped, Defendant had discovered a broken pipe that caused liquid to be on the ground, and Defendant was in the process of closing the restroom and remedying the condition. Defendant believes the inquiry should stop there. But it does not.

Here, Defendant concedes that it had *actual knowledge* of the burst pipe and liquid on the floor prior to Plaintiff's entry into the restroom.[4] It appears to the Court that there is a slight, but material issue of fact as to what – if any – steps should have been taken in that "one minute" or so that Defendant *actually knew* of the burst pipe. Perhaps a jury would view the facts in Defendant's favor and believe that Defendant acted appropriately and did not breach any duties to Plaintiff because it was actively remedying the situation. Or perhaps a jury would believe that Defendant acted negligently by failing to immediately close the restroom or block off the wet area. While Defendant's actions do not seem particularly egregious, whether Defendant was

---

[3] If Defendant is able to provide additional information at trial on this point, it is possible that the Court would grant a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.

[4] In the cases cited by Defendant, those stores did not have actual or constructive knowledge of liquid on the floor. *See Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 726 (11th Cir. 2014); *Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250-51 (Fla. 3d DCA 2017). The instant case is clearly distinguishable since Defendant concedes that it had actual knowledge of the burst pipe prior to Plaintiff's fall.

negligent is a question for a jury, though, and not the Court. The motion for summary judgment is therefore denied as to these grounds.

*Medical Causation*

Defendant seeks summary judgment based on Plaintiff's failure to retain an expert to prove medical causation. In a negligence case, a plaintiff must prove (1) a legal duty to protect the plaintiff from injury; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). "It's axiomatic there must be a causal connection between the conduct and the resulting injury." *Rodriguez v. Walmart Stores East*, L.P., No. 2:20-cv-474-SPC-NPM, 2021 WL 4750087, at *2 (M.D. Fla. Oct. 12, 2021) (citing *Meyers v. Shontz*, 251 So. 3d 992, 1002 (Fla. 2d DCA 2018)). The plaintiff bears the burden of proof on all four elements of negligence, including causation. *Aycock v. R.J. Reynolds*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing *Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 573 (Fla. 2001)). A treating physician may testify to establish causation. *See, e.g.*, *Torres v. Wal-Mart Stores East, L.P.*, 555 F. Supp. 3d 1276, 1296-97 (S.D. Fla. 2021) (finding that plaintiff's treating physician could offer expert opinions on question of causation regardless of when opinions were formed); *Levine v. Wyeth Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1-2 (M.D. Fla. June 25, 2010) (explaining that treating physician may testify as to causation and does not need to provide written report if based on examination and treatment of the patient).

In this case, Plaintiff did not serve Rule 26 disclosures that would have put Defendant on notice of any specifically named potential witnesses, and his answers to interrogatories provided the names of four medical facilities, but did not provide the

names of any specific treating or examining doctors. He therefore did not comply with the requirements of Rule 26. But even if Plaintiff did not strictly comply with Rule 26, exclusion of a potential witness is not automatic. *See Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1326 (S.D. Fla. 2024) (citing *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013)); *see also Izquierdo v. Certain Underwriters at Lloyd's of London*, No. 20-13772, 2021 WL 3197008, at *4 (11th Cir. 2021) (explaining that "[i]f a party fails to properly disclose an expert witness under Rule 26(a), the party may not use the witness 'unless the failure was substantially justified or is harmless.'" (quoting Fed. R. Civ. P. 37(c)(1))). Defendant has not actually sought exclusion of any potential witnesses through a *Daubert* motion or motion in limine. The Court therefore declines to grant summary judgment on this basis.

To cure any potential unfair surprise, the Court will require Plaintiff to file on or before June 16, 2025, an amended Rule 26 disclosure that specifically names any treating physicians he intends to call as witnesses at trial, and the Court will permit Defendant to depose these individuals. To the extent Defendant has *Daubert* challenges to any treating physicians disclosed by Plaintiff, Defendant may present these challenges on or before the deadline for filing motions in limine.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Defendant's Motion for Final Summary Judgment" (Doc. 20) is hereby **DENIED**.

2. Plaintiff is **DIRECTED** to file on or before June 16, 2025, an amended Rule 26 disclosure that specifically names any treating physicians he intends to call as witnesses at trial. Defendant may depose these individuals. Defendant may present any *Daubert* challenges to these witnesses on or before the deadline for filing motions in limine

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of May, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE